EUGENE McNERNEY, JR., *vs.* BERTHA M. BETTS.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 15th—decided June 2d, 1930.

*Louis Goldschmidt,* for the appellant (defendant).

*Raymond E. Hackett,* with whom was *William A. Kelly,* for the appellant (plaintiff).

HAINES, J.  Both the plaintiff and the defendant attack by appeal certain of the findings of fact, and the latter also complains of certain rulings on evidence and conclusions reached by the trial court.  The uncontested portions of the finding show that the plaintiff is an artist with a residence in Westport, near which is a small one-story wooden building which he uses as a studio.  Desiring to provide heat for the studio, he visited the office of the defendant, whose business among other things is the sale and installation of heating apparatus, and asked for a heater known as the Vecto.  The defendant's representative Lockhart informed him that they did not sell the Vecto, but could furnish a heater known as the Heatrola, which the plaintiff agreed to purchase.  The plaintiff explained to Lockhart the purpose for which he desired the heater and was assured by the latter that the Heatrola would meet the requirements.  Lockhart later went to the studio in company with the plaintiff and examined the building, and discovered that there was no chimney in it.  Acting under the direction of Lockhart, the defendant's employees and agents thereafter brought the heater to the studio and installed it, using their own judgment, skill and experience in the details of the installation.  It was set up about one foot from one of the side walls of the room, and a pipe was carried from the heater up and through a hole in the wall of the building, and then extended upward several feet, the portion outside the building being securely anchored and fastened by wires.  The pipe had metal collars both inside and outside the wall, which were attached to the wall, and that part of the pipe which was in the space between

the inner and outer walls, was covered with several layers of asbestos. In this connection the trial court found that the location of the heater in the room was determined by Lockhart during his visit to the studio, and that it was set up by the defendant's employees in the location directed by Lockhart, who thus directed the location and installation of the entire apparatus, all without suggestion or direction by the plaintiff. The defendant denies this and seeks to have the finding stricken out on the ground that there was no evidence to support it. On the contrary, if the court believed the testimony produced by the plaintiff rather than that of the defendant, as was evidently the case, there was ample evidence to support the finding. It is the province of the trial court to determine the credibility of witnesses and we cannot strike out a finding which is reasonably so reached. Visitors at the plaintiff's home were to sleep in the studio the night of December 3d, 1927, and after they had retired but before they were asleep, they discovered that the wall where the pipe passed through, was burning, and before the fire was extinguished, the building and its contents were considerably damaged. The fire was not caused by any negligence in the maintenance of the heater by the plaintiff or his agents, or by anyone else. The court found that the damage to the plaintiff's personal property amounted to $2470. The plaintiff made no claim for damage to the building itself. One of the findings of fact reads, "The fire was caused either by a latent defect in the Heatrola, or the stove pipe, or by faulty installation of one or the other, or both," and one of the conclusions reads, "The damage resulting to the buyer occurred through a latent defect in the article sold, or its faulty installation." Three of the plaintiff's four reasons of appeal assign this finding and conclusion as error, and at least two of

the defendant's assignments are upon the same ground. There is no claim made in the pleadings, nor anywhere in the evidence, of a latent defect in either the heater or the pipe. We are unable to determine the exact meaning of the finding above quoted. It may be read as saying that the fire was caused by (1) a latent defect in the Heatrola, or (2) a latent defect in the pipe, or (3) faulty installation of the Heatrola, or (4) faulty installation of the pipe, or (5) by "both," that is, a latent defect in both the Heatrola and in the pipe, by faulty installation of both Heatrola and the pipe, or by both latent defects and faulty installation of the heater and the pipe. The plaintiff argues that even so, we are justified in construing this finding to mean that the fire was caused by faulty installation alone. It is not capable of that construction. Moreover, the court has found, in the paragraph immediately preceding, "It is impossible from the evidence to determine the exact immediate cause of the fire." If this be so, there can be no recovery upon the present finding, in view of the issues framed by the pleadings. These issues required the plaintiff to prove that negligent installation was the proximate cause of the fire and the resulting damage. The finding of a latent defect in either the heater or the pipe, must go out as not supported by evidence. The court was clearly unable to decide the real cause of the fire on the evidence produced by the parties, but gave judgment for the plaintiff on the theory that whether it was caused by a latent defect or by faulty installation or both, the defendant was liable. The judgment cannot be sustained on the theory of a latent defect, not pleaded or claimed by either party, nor can we sustain it on the ground of faulty installation, since that is not found to be, in fact, the cause of the fire, and we cannot review the evidence and reach an original con-

clusion that that was the fact. A study of the requested changes in the finding, discloses none which we could properly make which would permit us to reach any other conclusion than that there was error in the finding and the judgment rendered thereon. This conclusion renders decision of the plaintiff's appeal unnecessary.

There is error on defendant's appeal and a new trial is ordered.

In this opinion the other judges concurred.